# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

STEPHANIE GRIFFIN, O. B. O.  )
FREDDIE L. GRIFFIN, deceased  )
                              )
      Plaintiff,            )
                              )
      v.                    )   Case No. CIV-13-311-SPS
                              )
CAROLYN W. COLVIN,            )
Acting Commissioner of the Social )
Security Administration,      )
                              )
      Defendant.            )

## OPINION AND ORDER

Stephanie Griffin, on behalf of Freddie L. Griffin, deceased, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining the claimant was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of

---

[1]Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 15, 1972, and was forty years old at the time of the administrative hearing (Tr. 33). He completed his GED, and has no past relevant work (Tr. 21, 193). The claimant alleges that he has been unable to work since February 17, 2007, due to a back injury, left neck and shoulder injury, hypertension, and knee problems (Tr. 192).

## Procedural History

On September 7, 2010, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Edmund C. Werre conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 23, 2012 (Tr. 14-23). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), *i. e.*, he could lift 20 pounds occasionally or 10 pounds frequently and stand/walk/sit for 6 hours in an 8-hour workday, but that he could not climb ladders, ropes, or scaffolds; could have no exposure to temperature or humidity

-3-

extremes, irritants such as gases, fumes, and chemicals; could not reach forward more than frequently and could do no overhead reaching with the left upper extremity; and was able to understand, remember, and carry out simple instructions consistent with unskilled work (Tr. 16). The ALJ then concluded that although the claimant had no past relevant work to return to, he was nevertheless not disabled because there was work he could perform, *i. e.*, mail room clerk, assembler, clerical mailer, and order clerk (Tr. 22).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical opinions in the record, (ii) by failing to properly assess his credibility, and (iii) by failing to properly assess the effects of his obesity on his other impairments. The Court finds the claimant's first contention persuasive.

The claimant had the severe impairments of degenerative disc disease, left shoulder impairment, diabetes mellitus, hypertension, obesity, and asthma (Tr. 16). In June 2004, the claimant was injured at work and went through nine sessions of physical therapy for his left cervical and shoulder pain (Tr. 274). On April 15, 2005, notes reflect that they expected the claimant to be sent back to work "at least on a light duty status," and on June 25, 2005, stated that it was reasonable for the claimant to return "on a one arm job" (Tr. 275-276). Upon completion, physical therapist Brent Scott noted that the claimant continued to move in a guarded manner, and cervical range of motion was limited approximately 20% due to muscle guarding, while left shoulder passive range of motion was limited by pain (Tr. 274). A 2005 MRI of the neck revealed mild cervical spondylosis, an MRI of the cervical spine revealed mild degenerative changes at C3-4

and C4-5, and an MRI of the left shoulder revealed presumed mucoid degeneration of the inner third of the supraspinatus tendon consistent with degenerative change (Tr. 272-273, 277).  On July 20, 2005, Dr. Timothy Pettingell found the claimant could return to work on a light duty status (Tr. 289).  On September 2, 2005, Dr. Pettingell reviewed the claimant's MRI of the cervical spine and brachial plexus, concluding they were normal, and found the claimant had reached maximal medical improvements and could return to work full time duty without work restrictions (Tr. 283).

In conjunction with his worker's compensation claim, Dr. David A. Traub examined the claimant on January 27, 2006, assessing him as temporarily totally disabled since his June 2004 injury and through the date of his exam, and further found that he had not reached maximum medical improvement (Tr. 300).

In 2009, the claimant reported to Tahlequah City Hospital, reporting pain in his left shoulder that was a 9.5 out of 10, and worsened by holding his arm overhead and lifting.  He was diagnosed with chronic left shoulder pain (Tr. 233-248).

Dr. Mohammed Quadeer completed a consultative examination of the claimant on December 2, 2010 (Tr. 201).   Upon examination, Dr. Quadeer found that movements of the claimant's left shoulder were associated with pain, that the cervical and thoracic spines were non-tender with the full range of motion, and that the lumbar-sacral spine was tender at L4-L5 with limited range of motion associated with muscle spasm, but straight leg raising reflexes were negative bilaterally in sitting and supine positions (Tr. 203, 205-208).  He assessed the claimant with back injury with limited range of motion,

neck pain due to previous injury, overweight, left shoulder injury, hypertension on medication, and bilateral knee pain (Tr. 203).

Kenneth Gibson, D.O. treated the claimant at NeoHealth Hulbert Health Center in 2010 and 2011. On March 7, 2011, an exam revealed that claimant had the full range of flexion, extension, and lateral rotation in his neck, and that his left upper extremity had marked restriction of motion but no joint instability. Dr. Gibson assessed the claimant with benign essential hypertension, overweight and obesity, chronic pain syndrome (noting his 5-year-old shoulder injury), as well as a nondependent tobacco use disorder (Tr. 226).

A state reviewing physician found on January 12, 2011, that the claimant could perform light work, with unlimited pushing and pulling, but only occasionally climb ladders/rope/scaffolds, stoop, kneel, crouch, or crawl, and that he needed to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (Tr. 211-214).

The medical opinions of treating physicians are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight. The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to

which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations and citations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996). Likewise, the opinions of physicians such as consultative examiners must be evaluated for the proper weight. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider [the *Watkins*] factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995).

Here, the ALJ summarized the claimant's testimony as well as the medical record. He summarized the records available including the assessments of Dr. Quadeer and Dr. Gibson, but provided no analysis for adopting or discrediting these opinions (Tr. 19-20). He then found the claimant not credible, and assigned Dr. Traub's opinion "little weight" as not corroborated by the rest of the medical evidence (Tr. 21). However, the ALJ failed

to explain whose opinions and assessments he was adopting and whose he was rejecting aside from Dr. Traub's 4-year-old opinion, and did not even mention the opinion of the state reviewing physician. This is particularly important where, as here, the ALJ appeared to adopt most of the state physician's findings but failed to explain why he agreed the claimant needed a restriction for his left upper extremity but not a limited range of motion restriction regarding the claimant's lumbar-sacral spine. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991). *See also Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

Accordingly, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly evaluate *all* the evidence. If the ALJ's subsequent analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.

The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 26th day of September, 2014.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**